Nott, J.
There were three cases depending on the same principle. The plaintiffs were assignees of Lowrie, an insolvent debtor. The defendants offered, in discount, demands which they had against the assignor, previous to the assignment having bees made. But the presiding judge was *248 of opinion that they had lost the benefit of their discount by the assignment. The act for the relief of insolvent debtors, declares that the property assigned by an insolvent debtor shall be for. the benefit of such ef his creditors as shall be willing to receive a dividend thereof. It also exempts the debtor from any suit, either by those who do or do not accept a dividend, for twelve months after the assignment made. It is now contended that at commonláw mutual demands could not have been set-off. That a set-off, therefore, is to be considered in the nature of a cross action;and that a person having across demand must be considered in the light of a creditor and must therefore accept a dividend with the rest of the creditors, or must wait until the expiration ofayear, before he can bring his action, or, what is considered as the same thing, before|he can avail himself of his set-off. It is true, that by the common law mutual debts could not be set -off, but each party was driven to his action. But that was a weak part of the common law. It has long ago been altered, and is now no longer considered as law in any country where the common law ever prevailed. And since the law of set-off, that party has always been considered as the creditor to whom a balance appeared to be due, after an adjustment and settlement of all accounts, reckonings, and demands whatever betwixt them. An insolvent debtor therefore, is considered as having assigned over only so much of his choses in action, as shall appear upon settlement. That balance is vested in his assignees, and no more. The principle by which these cases must be governed will be found laid down in the case of Skepperd and Turner, (b.) decided during the setting of this court. A. person! who owes an insolvent debtor, at the time of the assignment made will not be permitted to set off a debt afterwards acquired. That would be a fraud upon the other creditors. The cases must be governed by the state of things at the time of the assignment. It would appear by the report of the first of the above cases somewhat doubtful whether the *249 demand attempted to be set-off was actually due to the defendant at the time his debt was assigned. But the opinion of the court on the general question precluded an enquiry into Shat fact. So that the motion for a new trial toast prevail In' all the cases, (a)
Ervin, for the motion.
8. D. Miller, contra.

 See Happoldt vs. Jones, Harpers Law Rep. 109. Hinds ads. David, Ib. 433.

 See next case,post.